JOHN J. O'BRIEN, Respondent, *v.* DIEDERICH HAS-HAGEN, Appellant.

*Sheriff's sale — purchase of premises by the judgment creditor — when a failure of the sheriff to deliver a certificate of sale does not authorize an order vacating the sale.*

Appeal from an order made at Special Term, vacating a sheriff's sale of land under an execution.

The respondent, on a judgment against the appellant, issued an execution and caused the sheriff to sell by virtue thereof certain premises. The sale took place on the 20th of September, 1879, and the respondent, the plaintiff in the execution, purchased the property at the sale. The sheriff did not execute or deliver to him, as such purchaser, any certificate of such sale, nor file

such certificate with the county clerk within ten days after the sale. For that reason the respondent moved to set aside the sale. The court below granted the motion, charging the defendant in the execution with costs.

The court, at.General Term, said : " It does not appear that the respondent, who had bidden off the property on his own execution, ever called on the sheriff for a certificate, or made any application of the sum paid upon his execution or judgment. Being plaintiff in the execution, he was entitled to the certificate without the payment of anything beyond the sheriff's fees and expenses. Athough section 1438 of the Code of Civil Procedure is peremptory in its terms, it is nevertheless, so far as affects the rights of purchasers at a sale, to be regarded as merely directory. Its language is satisfied by holding that it imposes a strict duty upon the sheriff, a failure to perform which would subject him to any costs or expenses necessary to compel his performance. His neglect would not invalidate the proceedings between the parties, nor, as we think, prejudice the rights of the purchaser. The plaintiff in the execution was not and could not be injured by such neglect. He was entitled to an order of the court, or to a mandamus against the sheriff, to compel his performance of this duty ; but he was not entitled, simply on the ground of the sheriff's neglect, to have his purchase of the defendant's premises set aside, and especially not at the defendant's expense."

*James Bilger*, for the appellant. *John J. Townsend* and *James Stikeman*, for the respondent.

Opinion *per Curiam.*

Present — Davis, P. J., Brady and Barrett, JJ.

Order reversed with ten dollars costs and disbursements, and motion below denied, with ten dollars costs.